the court. We ask this court to squarely address whether 7252 extends veterans court jurisdiction to all board decisions regardless of the scope of their relief. Since Tyrus, we have known that veterans court jurisdiction extends to a final board decision. There's no dispute of that. We know that a final board decision is a written decision that clearly and definitively denies a issue that was raised in appeal to the BVA. We all know that we agree on that. Nobody disputes that what a final decision is or that the veterans court has jurisdiction over a final decision. The question and in fact we do argue that it was a final decision. The court may or may not agree with us on that. They may or may not agree that that July 2016 decision is final based on our theory and if they don't then the question remains is this nonetheless a decision of the board? And I think that if you ask the secretary they're going to say no it's not a I'm sorry the theory that was not remanded to the regional office. Because it was silent they're going to say that Howard and Kirkpatrick control. And I think that that's a significant statement there because Howard and Kirkpatrick don't talk about silence. Howard says that if you have two issues we're on appeal to the veterans court with the board decision. And the board decision addressed one of those, clearly addressed it. The Q claim was not addressed. In other words was not talked about in the decision. And because the issue was not addressed the court sent it back saying essentially saying no jurisdiction. But in reality what they were doing was a justiciability decision right there saying that it's not ripe or the administrative remedy hasn't been exhausted. Kirkpatrick is interesting too because Kirkpatrick has two the board had a they had appealed this issue that the board did not have jurisdiction to address something. And the court came out and said following Howard following Ledford you didn't raise that issue you didn't present it so under Ledford it's not there. The board did not address its jurisdiction so under Howard you know that same justiciability concern is not there. But what Kirkpatrick did what Kirkpatrick did is it said that the decision is the remand is not a decision because it does not grant or deny relief right. And that's exactly what it said and that comes from 7104 D3 those three elements that shall be in a board decision. Now 7104 D1 says that it shall include reasons and bases as well. And we know that when a board decision does not include reasons and bases the veterans court does not come down and say this is not a decision. They say it's a decision that we can't review a kind of justiciability analysis and we're saying that there should be no difference with 7104 D3 that the board shall put in these statements denying or granting appropriate relief but when they don't it doesn't deprive the veterans court of jurisdiction. It raises the issue of justiciability. We think this is a critical distinction even though sometimes the difference between just jurisdiction and academic I think it creates a real opportunity as we see in these reasons and bases remands. We see an opportunity for the court to have a dialogue with the board to say here's the reasons that your decision is not adequately reasoned. Here's the bases that you did not provide and in most of those cases the board can then go back and address them. That same opportunity is being deprived when the court doesn't clear I'm sorry when the board doesn't clearly come out and grant appropriate relief or deny appropriate relief. It leaves these issues in limbo. We saw that it sort of left something in limbo in Tyrus that the court resolved by saying there's a clear and definitive denial. There's other things that are left in limbo in this particular case is what happens to Ms. Poole's legal theory. If she does not appeal it when this other legal theory that the board develops comes back up and she appeals is the veterans court going to come and say you addressed. They're not going to say that. The government concedes that both issues are open in a subsequent appeal. The concession that I heard or their position is the first time that I've heard that in this case. I have not seen any concession to say that before. I kind of lost my train of thought on that your honor. What the secretary is saying is that there is a theory that is remanded. But what they're not saying is that the issue and what they were clear in saying and what I heard was not they did not admit or agree that Ms. Poole's legal theory was remanded. I don't I did not hear them say it that way and that's the thing that we have issue with. In Kirkpatrick the appellant in Kirkpatrick. Well I have an issue with that too. I think the government's reading uh is wrong. I think the board remanded both theories and if that's true then you don't have a problem right. If it's true that the board remanded both theories well we disagree with that premise. But in that case I believe that it really is best for the veterans court to make that decision. I don't think that this court should need to dive into the intricacies of what was and was not involved in the myriad of board decisions that come up to the court. I think the veterans court should be able to say this isn't ripe yet. This issue's moot. This issue they haven't exhausted administrative remedies. Or this is an issue of finality that we don't have finality in this board decision we're not going to address it. Or wait a minute this has been going on for 12 years there may not be finality but we're going to look at the exceptions to the justiciability rule of finality. I think the veterans court should be able to say that and I think with respect that since this court has decided a narrowly limited jurisdiction to these issues in Ledford Howard Kirkpatrick that what it's done is it's foreclosed the veterans court's ability to develop justiciability doctrines and have that dialogue with the board to help the board improve the decisions it's making, accelerate the decisions it's making, and thus create better relief to veterans and their survivors. Played out in this case if the and say that it's not justiciable for any number of theories but it could also come and say that it is justiciable because it's been waiting for 14 years for a decision and we keep having to send it back and we keep having to send it back. The veterans court should be the one to make that decision. They can't because the veterans court is under the impression as Judge Greenberg said in the decision underlying this appeal is that the board decision is not final within the says no words of finality. Congress included no words of finality. They left that to the veterans court and by leaving it to the veterans court to address we enable the board to issue better decisions. We would ask that the court find that specifically address the issue of 7252 and find that the veterans court has jurisdiction over all decisions of the board and that it can postpone or delay its exercise of that jurisdiction on any number of theories of justiciability and allow the court to develop its own justiciability jurisprudence. If there's no further questions. Let's hear from the government. Ms. Poole is asking this court and the veterans court to create jurisdiction where there is none and trying to substitute justiciability for jurisdiction. Neither this court nor the veterans court can do that. The statute provides judicial review of decisions of the board. There's been no decision here. There's only been an order. As this court said in Kirkpatrick, a decision grants or denies relief. There hasn't been that here. The board essentially punted it back for additional evidence. It's the absence of a decision. It couldn't make a decision based on the evidence and under its statutory obligation to develop further evidence, it sent it back to the regional office. So to create jurisdiction here would contravene both the statutory language and I think as Judge Dyke pointed out earlier, it would create this regime where every interim remand order is immediately appealable when there has been no decision. Here, Ms. Poole can still get relief the agency hasn't foreclosed her from doing that. It hasn't decided yet that she's not entitled to relief. She can get relief on either theory? Yes, your honor. And that's I think the confusion there that I think you and I were having earlier is it remanded her claim and her claim at this point contains both theories. You don't view it as two separate claims. You view it as one claim. Yes. But if it's two separate claims, both claims are open and a further appeal, right? Yes, your honor. Because there has been, unlike Tyrus, there's been no denial of her claim. Right now there's two theories. If medical evidence comes back and proffers some etiological connection that Ms. Poole's physician hasn't thought of, she could still get relief under that. She's not foreclosed from that. More importantly, she's not foreclosed from then challenging and denial should she be denied benefits in the ordinary appellate process. Creating this jurisdiction over any sort of remand order to the board is going to, I think as the Court said in Kirkpatrick, it's going to unnecessarily interfere in the agency's internal processing of claims in a manner unlike this Court's review of the Veterans Court remand orders. Even this Court's review of Veterans Court remand orders is typically not done. There's only a small exception under Williams where the case fits into a particular category and where the legal question can potentially be lost on remand that this Court will take jurisdiction and review. That's not the situation here. You're not arguing any Henderson issue or any threshold jurisdictional aspect, are you? We're not, Your Honor. The legal question that this Court has jurisdiction to review is whether a remand order is immediately appealable. That's a legal question that this Court has reviewed and answered in both Kirkpatrick and Tyrouse. I don't think we're arguing no jurisdiction for this Court to review that legal question. We're just saying that it's been answered. Okay. If the panel has no further questions, we ask that... Even if both issues can be appealed, both issues that are in the Board decision can be appealed, there is a substantial risk. It has not happened, but there's a substantial risk that Ms. Capullo could pass away and lose her entire right to that claim and the entire right to adjudicate that or see that through to finality. That could have happened. It could still happen at any time, and it happens any time there's this protracted time period between decision, whether it's remand, grant, refer, deny, and appeal. That's the issue. Ms. Poole could die tomorrow and she loses her right to bring that claim. Therefore, when the Board made its decision... You're absolutely right that the system is disgraceful and that it shouldn't take this long to resolve a claim. You're absolutely right about that, but the remedy that you seek is not the right remedy. I understand what you're saying. We're asking to make sure that I'm clear on the remedy we're asking, is we're saying that the Veterans Court should be the one to decide whether or not the appeal is... I'm sorry, whether or not the issue is final, whether or not it's justiciable. I think that for this Court, the question is, is 7252 limited to final decisions? And if not, let the Veterans Court make these decisions. They're in the place to be able to say, we've seen Ms. Poole's appeal how many times? We've seen this Veterans appeal come back on remand how many times? It's time for us to address it. The Veterans Court can't do that because of the very limited interpretation of 7252 that contradicts what Congress said. And until the Court comes down and says that 7252 gives jurisdiction over all Board decisions, the Veterans Court can't develop that theory of that allows it to have the better control over what appeals should be taken and what appeals should not be taken and help the Board improve the process so that we don't have to wait 14 years and three remands. They can address these issues as they arise. There's no further questions. We ask the Court to find the 7252 grants jurisdiction to the Court over all decisions of the Board without respect to finality. Thank you. Thank you both. These cases are taken under submission.